GARDEN, JUDGE:
On April 26, 1974, one Ronald Keller was operating claimant’s 1973 International tractor-trailer at and near the junction of Route 460 and Interstate 77 near Princeton, West Virginia. At this point, Keller, who had been driving for about 3% hours, decided to rest and make some entries in his driver’s log. He proceeded onto the one-lane entrance ramp to Interstate 77, and, observing a wide berm of crushed stone to his right, he drove his unit onto the berm. In so doing, five of the tires on the right side of his tractor-trailer were damaged when they passed over a stub of a metallic post which extended out of the crushed stone berm some two or three inches. No evidence was introduced to indicate who was responsible for placing this metallic object in the berm, but the implication was clear that Vecellio & Grogan, a Beckley highway contractor who had constructed the subject interchange, was responsible. Damage to the tires in a total amount of $669.75 was stipulated by claimant and respondent.
The evidence revealed that the contract for this project, which bore Project Name “1-77 & U.S. 460 Interchange”, was awarded by respondent to Vecellio & Grogan on April 4, 1972, and work on the same commenced on May 22, 1972. Through Ralph Beckett, an engineer employed by Vecellio & Grogan, the claimant introduced into evidence respondent’s Form HL-416 entitled “Contract Completion Report”. This form, which was dated April 16, 1974, clearly reflects that the contract was completed on December 7, 1973, and this date of completion was further confirmed by the testimony of Mr. Beckett. This witness further established that as of December 7, 1973, Vecellio *81 & Grogan had removed all of its equipment from the project site, and that the interchange had been opened to public travel. The claimant thus contends that since the subject incident occurred five months after Vecellio & Grogan had completed the project and five months after the interchange had been opened to the public, the respondent is liable for the damage to its equipment.
On the other side of the coin, the respondent vigorously contends that while the contractor, Vecellio & Grogan, may have completed the construction on December 7, 1973, the contract or project was not finally accepted by the respondent until May 2, 1974, a date subsequent to the subject incident; thus, any liability must rest upon Vecellio & Grogan. David Murphy, the Finals Engineer for the Construction Division of respondent, testified that it was his responsibility to determine the amount of final payment to contractors and whether the project had been completed in accordance with the plans and specifications. Mr. Murphy testified that the Contract Completion Form was prepared by personnel in respondent’s District 10 office on April 16, 1974, who then forwarded it to the respondent’s Charleston office, where it was approved and signed by the Director of the Construction Division and then finally approved by the State Highway Engineer on May 2, 1974. Although the exact date in May does not clearly appear on the form introduced into evidence, Mr. Murphy, testifying from other official records from his office, clearly established that the form was approved and signed by the State Highway Engineer on May 2, 1974. Immediately above the State Highway Engineer’s signature, the following language appears:
“The contractor having completed the contract on the above project, the Commissioner, upon the recommendation and approval as shown hereon, hereby accepts said contract and releases said contractor from any further responsibility in connection therewith.”
We believe that the above-quoted language is clear and unambiguous, and that while a delay of almost five months between the completion date and the date of final acceptance by respondent casts a burden on the contractor, we do not feel *82 that the respondent can be held liable for the negligent maintenance of this particular section of highway until May 2, 1974. For this reason, we refuse to make an award in favor of the claimant.
Claim disallowed.